**CARLOS A. IVANOR, FL BAR # 0011567**
**1805 W. Colonial Dr., Suite D**
**Orlando, FL 32804**
**Telephone : 407-255-2065**

Attorney for Petitioner

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| **NAHADIANFARD, FARHANG** ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> **LOUIS A. QUINONES, JR.,** Chief of ) <br> Corrections, Orange County Corrections Dept.; ) <br> **GARRETT J. RIPA,** Field Office Director for ) <br> Immigration and Customs Enforcement and ) <br> Removal Operations ("ICE ERO") Miami ) <br> (includes Orlando); **TODD LYONS,** ) <br> Acting Director of Immigration Customs ) <br> Enforcement ("ICE"); **U.S. IMMIGRATION** ) <br> **AND CUSTOMS ENFORCEMENT;** ) <br> **KRISTI NOEM,** Secretary of the Department of ) <br> Homeland Security ("DHS"); and **PAMELA** ) <br> **BONDI,** Attorney General of the United States, ) <br> **Respondents.** ) <br> ) <br> Respondents. ) <br> _____ ) | Case No. _____ <br><br> **PETITION FOR WRIT OF HABEAS CORPUS** |

**INTRODUCTION**

1.  On or about January 2, 2026, the Petitioner was stopped by an Orange County Sheriff Deputy and was then arrested for driving while license expired more than 6 months. Florida Statute 322.03(6). Since that time, he has been detained at the Orange County Jail on an ICE Detainer. Accordingly, to vindicate Petitioner's statutory and constitutional rights, this Court should grant the instant petition for a writ of habeas corpus.

1

2. Petitioner has been in the United States over 20 years and he entered legally under a B-2 tourist visa.

3. Petitioner asks this Court to find that he is being detained unlawfully and order that he be released from the Orange County Jail and from the ICE (Immigration Customs Enforcement) detainer.

## JURISDICTION

4. This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*.

5. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause). Under 8 U.S.C. § 1252(e)(2), this Court has habeas authority to determine whether Petitioner is a noncitizen who is subject to unlawful detention by ICE.

6. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et. seq*., the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

7. Venue is proper because Petitioner is detained at the Orange County Jail under no bond status (ICE Hold) in Orlando, Florida, which is within the jurisdiction of this District.

8. Venue is proper in this District because Respondents are officers, employees, or agencies of the United States and Respondent, Farhang Nahadianfard, reside in this District and a substantial part of the events or omissions giving rise to his claims occurred in this District. Petitioners reside in this District and no real property is involved in this action. 28 U.S.C. § 1391(e).

## **REQUIREMENTS OF 28 U.S.C. § 2243**

9. The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require respondents to file a return "within *three days* unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* (emphasis added).

10. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

11. Petitioner is "in custody" for the purposes of § 2241 because Petitioner is arrested and detained by Respondents.

## **PARTIES**

12. Petitioner entered the United States legally but is present on an expired tourist visa. Petitioner is currently detained at the Orange County Jail. Petitioner is a resident of Orange County Florida. He is in custody, and under the direct control, of Respondents and their agents.

13. Respondent Louis A. Quinones is the Chief of Corrections of the Orange County Jail and he has immediate physical custody of Petitioner pursuant to the facility's contract with U.S. Immigration and Customs Enforcement to detain noncitizens and is a legal custodian of Petitioner. Respondent, Nahadianfard, is a legal custodian of Petitioner.

14. Respondent Garrett J. Ripa is sued in his official capacity as the Acting Director of the Orlando Field Office of U.S. Immigration and Customs Enforcement. Respondents are the

legal custodian of Petitioner and have the authority to release him.

15. Respondent, Kristi Noem, is sued in her official capacity as the Secretary of the U.S. Department of Homeland Security (DHS). In this capacity, is responsible for the implementation and enforcement of the Immigration and Nationality Act, and oversees U.S. Immigration and Customs Enforcement which is the entity that has lodged the ICE detainer to keep Petitioner in custody unlawfully. Respondent Noem is a legal custodian of Petitioner.

16. Respondent, Pamela Bondi, is sued in her official capacity as the Attorney General of the United States and the senior official of the U.S. Department of Justice (DOJ). In that capacity, she has the authority to adjudicate removal cases and to oversee the Executive Office for Immigration Review (EOIR), which administers the immigration courts and the BIA. Respondent, Nahadianfard, is a legal custodian of Petitioner.

## STATEMENT OF FACTS

17. Petitioner is a 65-year-old citizen of Denmark and Iran. He is a business owner, has been in the Orange County area over 20 years and has had no prior criminal history nor issues with Immigration.

18. On January 2, 2026, the Petitioner, Nahadianfard, was arrested for driving with an expired driver license more than 6 months in violation of Florida Statute 322.03(6). He was then detained in the Orange County Jail. Petitioner immediately posted bond on the criminal traffic infraction. However, prior to being released ICE issued a Detainer and he has been in the Orange County Jail since January 2, 2026. The Respondent is a citizen of Denmark and Iran. Petitioner entered legally into the United States under a B-2 tourist visa over 20 years ago.

**CLAIMS FOR RELIEF**

**COUNT ONE**
**Violation of Fifth Amendment Right to Due Process**

19.   The allegations in the above paragraphs are realleged and incorporated herein.

20.   The Due Process Clause of the Fifth Amendment to the U.S. Constitution prohibits the federal government from depriving any person of "Life, liberty, or property, without due process of law." U.S. Const. Amend. V.  Due Process protects "all persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001).

21.   Due process requires that government action be rational and non-arbitrary. See U.S. v. Trimble, 487 F.3d 752, 757 (9th Cir. 2007).   For these reasons, Petitioner's detention violates the Due Process Clause.

22.   While the Government has discretion to detain individuals under 8 U.S.C. §1226(a) and to revoke custody decisions under 8 U.S.C. §1226(b), this discretion is not "unlimited" and must comport with constitutional due process. See Zadvyas, 533 U.S. at 698; Hernandez, 872 F.3d 976, 981 (9th Cir. 2017)("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process."); Morrissey v. Brewer, 408 U.S. 471, 482 (1972)(holding that due process applies to revocation of parole).

23.   Here, Petitioner is detained without any options of paying a bond to be released. Moreover, no circumstances exist to allege that the Respondent is a flight risk or danger to the community.  Respondents' have violated Petitioner's rights to procedural due process.

## COUNT TWO
**Violation of the Administrative Procedure Act – 5 U.S.C. §706(2)(A), the Immigration and Nationality Act – 8 U.S.C. §1226, and Federal Regulations Not in Accordance with Law and in Excess of Statutory Authority Unlawful Detention**

24.  Petitioner restates and realleges all paragraphs as if fully set forth here.

25.  Under the APA, a court shall "hold unlawful and set aside agency action" that is an abuse of discretion. 5 U.S.C. § 706(2)(A).

26.  An action is an abuse of discretion if the agency "entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." Nat'l Ass'n of Home Builders v. Defs. Of Wildlife, 551 U.S. 644, 658 (2007)(quoting Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto Ins. Co., 463 U.S. 29, 43 (1983)).

27.  The INA provided that Respondents may release an individual from custody based on an individualized determination of their danger and flight risk. See 8 U.S.C. §1226(a); Zadvydas, 533 U.S. at 690; Matter of Guerra, 24 I&N Dec. 37 (BIA 2006).

28.  To survive an APA challenge, the agency must articulate "a satisfactory explanation" for its action, "including a rational connection between the facts found and the choice made." Dep't of Com. v. New York, 139 S. Ct. 2551, 2569 (2019)(citation omitted).

29.  By categorically detaining Petitioner and with no consideration of Petitioner's individualized facts and circumstances, Respondents have violated the INA. Implementing regulations, and the APA.  Petitioner is not a danger nor flight risk and no findings to sustain danger of flight risk have been made.

**PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days;

(3) Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment and 8 U.S.C. § 2243;

(4) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately;

(5) Award Petitioner attorney's fees and costs under the Equal Access to Justice Act, and on any other basis justified under law; and

(6) Grant any further relief this Court deems just and proper.

                                        Respectfully submitted,

                                        /s/ Carlos A. Ivanor
                                        Florida Bar No. 0011567

                                        *Counsel for Petitioner*

Dated: January 22, 2026

**VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I represent Petitioner, Farhang Nahadianfard, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 22nd day of January, 2026.

                                        /s/ Carlos A. Ivanor
                                        Florida Bar No. 0011567
                                        1805 W. Colonial Dr., Ste. D
                                        Orlando, FL 32804
                                        Telephone: 407-255-2065