UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FARHANG NAHADIANFARD,

        Plaintiff,

     v.                            Case No.:  6:26-cv-00157-GAP-RMN

PAMELA BONDI, DR. LUIS A.
QUINONES, GARRETT RIPA,
TODD LYONS, SECRETARY
KRISTI NOEM, U.S.
IMMIGRATION AND CUSTOMS
ENFORCEMENT,

            Defendants,

_____/


## ORDER


*[O]nce an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all "persons" within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.*[1]


This cause is before the Court on Petitioner Farhang Nahadian Fard's ("Petitioner's") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *See* Doc. 2-1. Petitioner contends that he has been detained unlawfully by Respondents Pamela Bondi, Dr. Luis A. Quinones, Garrett Ripa, Todd Lyons, Kristi Noem, and

---

[1] *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

U.S. Immigration and Customs Enforcement ("ICE") (collectively, the "Government") under an ICE detainer and seeks his immediate release. *Id.* The Government contends Petitioner's detention is lawful. *See* Doc. 17 at 2-3.

Petitioner, a local business owner, is a 65-year-old citizen of Denmark and Iran. Doc. 2-1, ¶ 17; *see* Doc. 18 at 19. He has lived in the Orlando area for over 20 years and has no prior criminal history. Doc. 2-1, ¶ 17; *see* Doc. 18 at 9-11. Petitioner first entered the United States legally under a B-2 tourist visa but has remained past its expiration. Doc. 2-1, ¶ 12.

On January 2, 2026, Petitioner was arrested for driving with an expired license in violation of Fla. Stat. § 322.03(6) and detained in the Orange County Jail.[2] Doc. 2-1, ¶ 18. Petitioner "immediately posted bond on the criminal traffic infraction" but continued to be held at the Orange County Jail after ICE issued a detainer. *Id.*

On January 22, 2026, he filed the instant habeas petition seeking to vindicate his due process rights after being held at the Orange County Jail for twenty days without opportunity for a bond hearing. *Id.*, ¶ 23. It later became apparent that ICE was shuttling Petitioner in and out of the Orange County Jail every 72 hours in an inconceivably frivolous attempt to comply with agreements between ICE and the

---

[2] Under the Florida Statutes, the offense Petitioner is charged with—driving with a license more than six months expired—is a first-time misdemeanor; punishment by imprisonment cannot exceed 60 days. *See* Fla. Stat. §§ 322.03(1)(b)(1.) & (6), 775.082(4)(b).

Jail—an agreement designed to protect the due process rights of detainees. *See* Doc. 18 at 1-2. Again, only upon Petitioner's filing of his Emergency Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction did the Court learn that the day after he filed his Petition, Petitioner was relocated to the facility in South Florida that the Government proudly refers to as Alligator Alcatraz.[3] Doc. 18.

On February 6, 2026, the Government filed a Response to Petitioner's Habeas Petition, expressly acknowledging that he was (1) "subject to the detention authority set forth at 8 U.S.C. § 1226" and (2) that Petitioner may "challenge ICE's detention determination…through the Executive Office of Immigration Review ("EOIR")." Doc. 17 at 3. The Government pointed to Petitioner's then-scheduled hearing with EOIR for February 11, 2026, as justification that Petitioner's detention has been lawful. *Id.*

However, in his motion for a TRO, Petitioner alleges that at the hearing the EOIR Judge "took no action as the Judge has no discretion to issue a bond in this matter." Doc. 18 at 3, 22-23. Indeed, he attached the EOIR Judge's ruling which

---

[3] *See, e.g.*, Yvette Lewis, Brian Trujillo, Associated Press, 'Alligator Alcatraz' signs go up outside migrant detention center in Everglades, NBC 6 South Florida (July 3, 2025, updated on July 14, 2025), https://www.nbcmiami.com/news/local/alligator-alcatraz-signs-go-up-outside-migrant-detention-center-in-everglades/3651022/. It is notable, however, that when facing the federal courts tasked with sifting through the consequences of the Government's chaotic activity, the Government's attorneys refer to the facility as "Florida Soft Side South." *See, e.g.*, *Garcia v. Quinones et al*, No. 6:26-cv-181-GAP-DCI, Doc. 17 at 2 (Feb. 4, 2026).

states that "NO ACTION" was taken. *Id.* at 22-23. Nevertheless, the Government—with complete disregard for its duties of candor to this Court—states in their Response to Petitioner's motion for TRO that at the EOIR hearing, "he was denied bond." Doc. 21 at 2. It is clear from the Judge's Order that the merits of Petitioner's case were not considered—if they were, the Judge would have checked the box denoting that bond was "DENIED" and provided the reasons for doing so. Doc. 18 at 22-23. The Government plows through this fetid landscape with vigor, however, unabashedly maintaining that Petitioner "indeed took advantage of" an opportunity "to challenge ICE's detention determination." Doc. 21 at 4. This contention is frivolous at best; contemptable at worst.

The Government goes on to admit that it engages in back-to-back bookings at the Orange County Jail to constructively avoid the Jail's requirement that it not hold detainees longer than 72 hours without charge or hearing. *See id.* at 5. However, the Government concludes this practice "is legally sound" so long as a detainee is lawfully held under 1226(a). Doc. 21 at 5-6. Apparently, the Government contends that receiving a "bond hearing" with a predetermined outcome (where the merits of Petitioner's continued detention are not even considered) *41 days after he was arrested* comports with the due process requirements of the Constitution.[4] *See*

---

[4] This is surprising given that only three days ago in open court the United States Attorney appeared to agree with the Court that these kinds of processes were unreasonable.

*id.*

In one sentence—as an afterthought—the Government states that "[f]urthermore, Petitioner was placed in removal proceedings promptly following his initial arrest," pointing to a Notice to Appear it attached to its Response. Doc. 21 at 5. Given the context of the case, this is an extraordinary statement. First, despite certifying to the Court that the Notice "reflect[s] issuance—and service—of the notice on January 5, 2026" it does nothing of the sort. *Id.* The Notice contains *no* signatures from any party (Petitioner or otherwise) acknowledging receipt or delivery of service. Doc. 21-1 at 2. Instead, it purports to confirm that a border patrol agent (whose name is printed in the box instead of signed) gave Petitioner "oral notice in the Spanish language" in person. *Id.* But, as the Government acknowledges, Petitioner is a citizen of Denmark and Iran and a native of Iran—this oral notice delivered in *Spanish* could not provide Petitioner with notice. *See* Doc. 21 at 1-2.

Moreover, as recognized above, the Government—through its actions attempting to defend itself in the raft of civil habeas cases inundating the Middle District of Florida—has lost credibility with this Court. The absence of signatures and the fact that the Notice to Appear was only delivered to Petitioner orally in Spanish, which is likely a language he does not understand, are only the tip of the iceberg. If this Notice to Appear existed on January 5th, as the Government

contends, it is inconceivable that the Government would not raise it in its initial Response to the Petition—filed on February 6th—where it made other jurisdictional and standing arguments to this Court. *See* Doc. 17 at 2-4. For these reasons, the Court does not consider this to be a valid Notice to Appear for removal proceedings and it will not preclude Petitioner's relief.

Petitioner has been detained without opportunity for a meaningful or timely bond hearing for 42 days, moved around the state of Florida, and threatened with further transfers to Texas—in brazen disregard of this Court's Order. *See, e.g.*, Doc. 18; Doc. 22; Doc. 20. And to even greater compound the harm to Petitioner from his unlawful detention, he complains that he is "being denied the medical attention needed for his serious heart condition," for which he recently had surgery. Doc. 18 at 5; Doc. 17-1 at 6.

The Court has jurisdiction over this matter,[5] Petitioner is being detained unlawfully, and habeas relief is therefore warranted. *See Perez v. Quinones et al*, No. 6:26-cv-228-GAP-DCI, Doc. 20 (M.D. Fla. Feb. 9, 2026) (citing *Guiaiquire v. Quinones et al*, No. 6:26-cv-169-RBD-RMN, Doc. 19 (M.D. Fla. Feb. 3, 2026)).

---

[5] *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release.").

*Epilogue*

The Government's actions in this case will reverberate beyond this Order. Pursuant to the deluge of habeas cases filed in the Middle District of Florida, the Government has consistently and repeatedly represented to the Court that an immigrant being held under 8 U.S.C. § 1226(a) (like Petitioner here) is entitled to a bond hearing. A bond hearing implies a hearing on the merits as to whether a petitioner is a threat to safety or a flight risk. If not, he is entitled to be released on bond pending his removal proceedings. Here, the immigration judge declined to even consider the merits of Petitioner's application for release on bond. Yet the United States Attorney has the audacity to claim that it held his bond hearing and he is not entitled to any other relief; *ie.* indefinite detention. This preposterous claim will not be countenanced by the Court and, until the Court is satisfied that lawful bond hearings which comport with due process are being conducted for petitioners being detained under § 1226(a), it has no alternative but to conclude that the Government's detentions under § 1226(a) are unlawful.

Accordingly, it is **ORDERED** that:

1. Petitioner Nahadian Fard's Petition for a writ of habeas corpus and injunctive relief is hereby **GRANTED**.

2. Respondents shall immediately **RELEASE** the Petitioner from custody and **IMMEDIATELY NOTIFY** Petitioner's counsel of the time and

location where Petitioner may be picked up by his family.

3. Respondents and all other persons or entities acting in active concert or participation with them are **PERMANENTLY RESTRAINED AND ENJOINED** from detaining Petitioner under **8 U.S.C. §§ 1225 OR 1226 UNTIL FURTHER ORDER OF THE COURT**.

4. Since Petitioner has been held unlawfully for a considerable period of time, Respondents are **TEMPORARILY RESTRAINED AND ENJOINED** from re-arresting Petitioner **until further order of the Court.**

5. No security bond is required for this injunction as the Court deems it unnecessary.

6. Petitioner's Motoin for TRO and Preliminary Injunction, to the extent not already ruled upon, is **DENIED as moot.**

7. Petitioner is **DIRECTED** to notify his counsel should his place of residence change while his immigration proceedings are ongoing.

8. **The Clerk is DIRECTED** to enter judgment in favor of Petitioner and against Respondents and to close the file thereafter.

9. The Court retains jurisdiction to enforce this order. If Petitioner is later detained and deprived of a timely hearing (within 72 hours of arrest) **on the merits of his bond request** he may move to reopen this case

without opening a new file. The Court also retains jurisdiction to consider the matter of fees and costs.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 12, 2026.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

The clerk is directed to serve a copy of this order to

ICE: Attention Assistant Field Office Director at OPLAORLFEDLIT@ice.dhs.gov,

The Office of the United States Attorney by certified mail at 400 West Washington Street, Suite 3100, Orlando, FL 32801 and by email USAFLM.Orlando2241@usdoj.gov

Orange County Jail/Warden's Office by email michele.carpentiere@ocfl.net,

Orange County Sheriff's Office – Legal Services by emails irmpickupdesk@ocfl.net, so-as-legalservices@ocsofl.com, OCCDRecords@ocfl.net, and Juanita.Beason@ocfl.net,

certified mail to Kristi Noem, Secretary, Office of the General Counsel, United States Department of Homeland Security, 2707 Martin Luther King, Jr. Ave, SE, Washington, DC 20528;

Garrett Ripa, Miami Field Office Director, United States Immigration and Customs

Enforcement, 865 SW 78th Avenue, Suite 101, Plantation, FL 33324;

United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001 and United States Marshals at usms-mfl-orl@usdoj.gov.